**WEINREICH et v PERMANENT BUILD-
ING & SAVINGS ASSOCIATION et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1491. Decided Dec 29, 1937

John Froug, Dayton, for plaintiff-appellee.

Eugene Mayl, Dayton, for Supt. of Bldg. & Loan Assns.

Geo. J. Donson, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, J.

The plaintiff instituted this action on his own behalf and as a class suit against the defendants. The cause was presented, in the main, to the trial judge upon a stipulation of facts signed by attorneys for all the parties. Some testimony was taken touching the question whether or not formal demand had been made by Mr. Weinreich and another creditor, Mr. Crawford, as secretary and attorney for the Woodland Cemetery Association, for interest on their claims against defendants.

Upon the record it appears that on September 29, 1933, the Superintendent of Building and Loan Associations of Ohio, by virtue of §687-21 GC, ordered the Board of Directors of defendant association to proceed with the liquidation of the property and business of said association; that during the progress of the liquidation, pursuant to order, depositors and creditors of said association filed their claims, which were approved; that thereafter dividends were declared according to law, which paid the full amount of said claims with interest to September 29, 1933; that the claims represent funds deposited with the association, for which certificates of deposit were issued, each of which stipulated a rate of interest to be paid thereon by the association. The names of the claimants,

holders of said certificates of deposit, together with the amount thereof and the rate of interest stipulated therein, are set forth; that the association has been returned to its stockholders, and has, since the 28th of June, 1935, resumed business upon a restricted basis as limited by the Superintendent of Building and Loan Associations with the approval of the Common Pleas Court of Montgomery County.

Certain sections of the rules and by-laws of the association are set forth and, further, that the defendant association has sufficient cash on hand to pay all known claims against it; that the claim of plaintiff is $302.00, which with interest at 5% to September 28, 1933, was paid to him on April 1, 1935; that defendant association refused to pay interest on plaintiff's claim and on all other certificates of deposit claims for the period between September 28, 1933 and April 1, 1935.

Upon the testimony it does not appear that demand in writing or otherwise was made by any claimant for interest on his claim from September 28, 1933 to April 1, 1935, except that claimant, the Woodland Cemetery Association did not accept its final distribution check and orally demanded interest.

The principal issue made in the trial court was whether or not the plaintiff and others similarly situated are entitled to any interest upon their claims, based upon certificates of deposit which they held at the time the defendant association was ordered to liquidate its business and property by the Superintendent of Building and Savings Associations of Ohio and if entitled to interest, at what rate it should be computed.

Other questions presented were: Was demand for interest on the claims of plaintiffs and others similarly situated prerequisite to its recovery? Did the acceptance in full of dividends of the face amount of the certificates of deposit, together with interest to the date of posting of the defendant association under the circumstances appearing in the record, constitute an accord and satisfaction? Is the plaintiff entitled to maintain this action as a class suit?

The trial judge properly devoted his attention to the principal questions presented and held that the plaintiff and other creditors similarly situated were entitled to interest on their claims, as contended by them, but held against the plaintiff on the claim that he and others whom he represented were entitled to the legal rate of 6%, and found that they were remanded to the rate of interest stipulated in their certificates of deposit.

The questions respecting the necessity of demand and accord and satisfaction were given little discussion, although in both instances the holdings were in favor of the plaintiff. The matter of the right of the plaintiff to maintain the class suit was not discussed.

We have been favored with the opinion of the trial judge in the instant cause and likewise with an opinion of another judge of the Common Pleas Court in a similar case, in which another Building and Loan Association was defendant.

Since this cause was presented we have had a letter from counsel for defendant, The Superintendent of Building & Loan Associations, requesting that this cause be given early consideration and stating that it was the purpose, without respect to the determination in this court, to prosecute review in the Supreme Court. We readily adopt the suggestion of counsel and have taken this case out of its regular order and will decide it so that a further determination in the Supreme Court, if made, may be had as expeditiously as possible.

At the inception, it may be well to get our bearings respecting the status of the parties on the record and the right of this court to determine the question sought to be raised here and the scope of that determination.

The cause came into this court on a notice of appeal on questions of law and fact and had it so proceeded all questions made on the pleadings would have been determined here. Upon oral presentation counsel stated that the cause should be heard as upon an appeal on questions of law. The appeal is prosecuted by the Building & Savings Association and by the Superintendent of Building & Loan Associations. No cross appeal has been perfected. Thus, at the outset, we have before us only those questions █ which were decided against the claim of the defendants in the Common Pleas Court on the record there made. Shinkle v First Nat'l Bank, 22 Oh St 516; Mannix, Assignee v Purcell, 46 Oh St 150. We are thus precluded from giving attention to the rate of interest to which plaintiff may be entitled, if any, for the reason that the determination of this question, if erroneous, was prejudicial to plaintiff and should have been the basis for a cross appeal.

We are in accord with the judgment of

the trial court that the plaintiff is entitled to recover interest on his claim against the defendant association and it follows that if his action is properly instituted for others similarly situated, they, too, are entitled to interest on their claims. The reasons supporting our position are well set forth in the written opinions of Judges Jewell and Cecil on the subject, which we adopt.

The language of §687-3 GC, in our judgment permits of no interpretation other than that which is favorable ██ to the plaintiff respecting the right to recover interest. The section, insofar as germane, provides that the action of the Superintendent upon the posting of notice on the door or doors of a building and loan association that the association has been taken over for liquidation, shall accomplish the transfer of title to all assets and property of the association to the superintendent; that:

"The privilege of withdrawing stock deposits or matured stock shall cease as of the time of such posting and all withdrawal values shall be then fixed; and interest on deposits shall thereupon cease to accrue at the rate specified in the contracts of deposit, but without prejudice to the rights of depositors to receive interest, with other creditors, from the date of such posting, out of the funds produced by the liquidation of such association, before distribution thereof is made to shareholders on their shares. Such posting shall also terminate the authority of such building and loan association to issue or sell its stock or receive subscriptions therefor or payments thereon, or to receive deposits." (Emphasis ours.)

Sec 687-21 GC, under which the superintendent ordered liquidation of defendant association, provides that:

"The issuance of such an order (of liquidation) shall have the effect of an election of all the shareholders of such association to dissolve the same and shall terminate the power of such association (1) to accept money on deposit, (2) to issue new stock (3) to pay withdrawals of shareholders or depositors * * *. (Emphasis ours).

Whatever the effect of that part of §687-3 GC providing that after posting of liquidation notice interest shall cease to accrue at the rate fixed in the contracts of de-

posit the following language, "but without prejudice to the rights of depositors to receive interest, with other creditors", etc., indicates that it is meant that holders of certificates of deposit are to receive interest. Certainly a holder of a certificate of deposit has a "contract of deposit" and is a "depositor" and a "creditor", and included among those who may "receive interest with other creditors".

The claim of the certificate of deposit holder is due, if allowed, as of the date of proof thereof. It follows that upon this claim he is entitled to interest by the specific terms of §687-3 GC, from the date of posting.

Without discussion we hold that there is no proof of accord and satisfaction against the plaintiff or others whom ██ he represents nor were they ██ put to the necessity of formal demand of interest on their claims. Further the record discloses that the Superintendent at all times declined to pay interest on these claims, which was a waiver of demand, if required.

Upon the stipulation of fact in the trial court, which is binding upon defendants, the action of plaintiff was ██ properly instituted in the form in which it is prosecuted. The stipulation provides:

"It is agreed and stipulated that the determination of this matter is of general and common interest to all creditors or depositors of the Permanent Building and Savings Association, and there are a great number of creditors and depositors and the determination of the matter in the present proceeding would prevent a multiplicity of suits."

The right to maintain representative suits in Ohio is controlled by statute, §11257 GC, which provides:

"When the question is one of common or general interest to many persons or the parties are very numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

It will be noted that the stipulation includes practically all of the subject matter of §11257 GC except the statement that it is impracticable to bring all of the parties before the court. However, this fact may be inferred from the proof and stipulation

of facts. This is sufficient under the statute. **Platt v Colvin, 50 Oh St 703.**

The right of virtual representation has been recognized in factual situations much like those found in the instant case. **30 O.J., page 742.**

It further appears that the only difference in the claims of any of the certificate of deposit holders against the defendant association is the variation in the rate of interest stipulated in their respective certificates of deposit.

Judgment affirmed.

BARNES, PJ and GEIGER, J, concurring.

Application for rehearing denied January 28, 1938.